UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISIDRO ARAMIS GARCIA LUGO,

   Petitioner,

  v.         Case No.:  2:26-cv-01197-SPC-NPM

GARRETT RIPA,

   Respondent.

           /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Isidro Aramis Garcia Lugo's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Garcia Lugo is a native of Cuba who was paroled into the United States in December 1993 and later became a lawful permanent resident. On July 2, 2007, he was convicted of robbery with a firearm, grand theft, kidnapping, and burglary of an occupied dwelling, and an immigration judge ordered him removed to Cuba later that year.  Cuba refused to accept Garcia Lugo upon his release from prison, and Immigration and Customs Enforcement ("ICE") released him under an order of supervision on in August 2017.  On November 10, 2025, ICE arrested Garcia Lugo and detained him at Alligator Alcatraz.

ICE took Garcia Lugo to the U.S.-Mexico border on January 26, 2026. Garcia Lugo refused to cross into Mexico, and ICE returned him to Alligator

Alcatraz.  Garcia Lugo challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700–01.  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Supreme Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

> Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Garcia Lugo's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Garcia Lugo has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba refused to accept his repatriation in 2017, and no change in circumstances makes removal to Cuba more likely now.

The burden thus shifts to the government.  ICE points to its January 2026 attempt to send Garcia Lugo to Mexico.  But the evidence before the Court suggests that was an informal effort to compel voluntary departure, not an above-board removal attempt that complied with statutory and constitutional requirements.  *See Andriasian v. Immigr. and Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."); *see also D.V.D. v. U.S. Dep't of Homeland Security*, --- F. Supp. 3d ---, 2026 WL 521557 (D. Mass. Feb. 25, 2026) (setting aside DHS's current third-country removal policy because it violates noncitizens' right to seek fear-based relief under the Convention Against Torture).  ICE makes no attempt to show it can lawfully remove Garcia Lugo in the reasonably foreseeable future.

The Court finds no significant likelihood Garcia Lugo will be removed in the reasonably foreseeable future.  However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention.  "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690.  The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and

subject to strong procedural protections." *Id.* Given Garcia Lugo's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Isidro Aramis Garcia Lugo's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Garcia Lugo poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the government shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Garcia Lugo may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on May 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record